IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

JAMES ALEXANDER,

        Defendant.

)
)
)
)
)
)
)
)
)
)

CASE NO: 1:17-cr-420

Judge Dan Aaron Polster

OPINION AND ORDER

## MEMORANDUM

Before the Court is Defendant James Alexander's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) for Immediate Release Due to COVID-19 Circumstances, **Doc #: 417**. Alexander was sentenced to 33 months custody of the Bureau of Prisons after pleading guilty to conspiracy to possess with intent to distribute and distribute heroin in violation of 21 U.S.C. § 846. Non-document order dated 2/19/2019; Doc #: 322. Alexander is currently held at Federal Correctional Institute Gilmer ("FCI Gilmer") and has a release date of 7/23/2020. *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 4, 2020). He requests that the Court release him immediately due to the facts that he, as an asthmatic, is at high risk of having life threatening consequences were he to catch COVID-19 and that he is unable to follow social distancing guidelines in FCI Gilmer.  Doc #: 417 at 2. He further emphasizes that he has less than 90 days remaining on his sentence. Doc #: 417 at 3. The Government filed an opposition. Doc #: 419.

A court may consider a motion for sentence modification upon:

> [M]otion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A). Alexander does not claim to have satisfied this exhaustion requirement, rather, he asserts that the requirement can be waived. Doc #: 417 at 4-5.

Alexander mistakenly relies on *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019) for the proposition that the Court may waive § 3582(c)(1)(A)'s exhaustion requirement. Doc #: 417 at 5. In *Barr*, the Court applied a judge-made exhaustion requirement because it deemed that doing so was consistent with congressional intent. *Id.* at 116. The court then acknowledged that "even where exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute." *Id.* at 118. Accordingly, the court analyzed whether the exhaustion requirement should be waived. *Id.* at 118-119. Thus, *Barr* stands for the proposition that judge-made exhaustion requirements may be waived even when those requirements are consistent with a statute. Section 3582(c)(1)(A) sets forth a statutory exhaustion requirement, not a judge-made exhaustion requirement. Thus, *Barr* is irrelevant.

Even had *Barr* found that courts may waive statutory exhaustion requirements, it is nonbinding and would be inconsistent with Supreme Court precedent. The Supreme Court explicitly stated that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016).

The Court is sympathetic to Alexander's position. His fears regarding being an inmate during COVID-19 are doubtlessly legitimate, especially because he has asthma. And he is tantalizingly close to being released. Fortunately, as of the date of this opinion, FCI Gilmer has only one confirmed case of COVID-19. *Covid-19 Coronavirus*, FEDERAL BUREAU OF PRISONS,

https://www.bop.gov/coronavirus/ (last visited May 4, 2020). As the Government shows, FCI Gilmer is taking prudent measures to prevent the spread of COVID-19. *See* Doc #: 419 at 11.

Ultimately, § 3582(c)(1)(A) contains a statutory exhaustion requirement. Alexander has not satisfied, and the Court does not have the authority to waive, this requirement. Accordingly, the Court cannot review Alexander's Motion. Thus, Alexander's Motion, **Doc #: 417**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster May 4, 2020*
**Dan Aaron Polster**
**United States District Judge**